UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARK AUSTIN**                      **CIVIL ACTION NO. 6:17-cv-623**

**VS.**                                      **SECTION P**

                                            **JUDGE REBECCA F. DOHERTY**

**OFFICER OAKES, ET AL**          **MAGISTRATE JUDGE PATRICK HANNA**

**MEMORANDUM ORDER**

*Pro se* plaintiff Mark Austin, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 8, 2017. Plaintiff is incarcerated at the Lafayette Parish Correctional Center (LPCC), in Lafayette, Louisiana. He complains that he was falsely arrested by Officers Oakes and Eaton of the Lafayette Police Department on May 17, 2016. He sues Officer Oakes, Officer Eaton, Officer Credeur, Police Department of Lafayette and the City of Lafayette. This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Amend Order*

*1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by <u>each person</u> who is named as a defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the <u>name(s) of **each** person who allegedly violated plaintiff's constitutional rights;</u>

(2) <u>a description of what actually occurred or what **each** defendant did to violate plaintiff's rights;</u>

(3) <u>the place and date(s) that **each** event occurred</u>; and

(4) a description of <u>the alleged injury sustained as a result of the alleged violation.</u>

Plaintiff should amend his complaint to provide the information required by Rule 8 with respect to EACH plaintiff.

## 2. *<u>Heck v. Humphrey</u>* and *<u>Wallace v. Kato</u>* **considerations**

Plaintiff contests the legality of his arrest and continued imprisonment. It is presumed that plaintiff is a pre-trial detainee and that the complained of prosecution is on-going. However, plaintiff should amend to clarify whether there has been an adjudication of the criminal charges that comprise the basis of this complaint. Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of

> *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* would not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

It is uncertain whether or not this case is governed by *Heck* or *Wallace*. Plaintiff should amend his complaint to provide information concerning the pending charges and whether those specific charges are still pending. He should provide a copy of the arrest

report (if available) and any Bill of Information charging him with the offenses for which he remains incarcerated. He should provide information concerning future court proceedings relative to the pending charges.

### 3. *Lafayette Police Department is Not a Juridical Entity Capable of Being Sued*

The plaintiff names "Lafayette Police Department" as a defendant in this lawsuit. Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party, such as the Lafayette Police Department, which is neither an individual nor a corporation, is determined by the law of the state where the court is located.

Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." Louisiana Civil Code Article 24. According to the Louisiana Supreme Court:

> The determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La. 1994).

On prior occasions, it has been established that the City of Lafayette is governed by

a Home Rule Charter, which established a police department as a division of the City's administrative branch but did not grant the police department the status of a corporate body or place it under a separate board with powers of self government. *Edmond v. Lafayette Consol. Gov't*, 2016 U.S. Dist. LEXIS 87674 at *7 (W.D. La. May 24, 2016). Thus, the charter did not grant the police department the legal capacity to function independently. *Id.* Consistently, in prior litigation, it was determined that Lafayette's police department does not have the legal capacity to be sued. *Id.* (citing *Broussard v. Lafayette Consol. Gov't,* 45 F. Supp. 3d 553, 571 & n. 4 (W.D. La. 2014); *Lavergne v. Lafayette City Police Dep't*, No. 6:13-2146, 2014 U.S. Dist. LEXIS 30885, 2014 WL 931517, at *4 (W.D. La. Mar. 10, 2014), aff'd sub nom. *Lavergne v. Bajat*, 591 F. App'x 270 (5th Cir. 2015), cert. dismissed, 135 S. Ct. 2810, 192 L. Ed. 2d 845 (2015), reconsideration denied, 136 S. Ct. 291, 193 L. Ed. 2d 19 (2015); *Brown v. Lafayette City-Par. Consol. Gov't*, No. 6:13-2436, 2013 U.S. Dist. LEXIS 185582, 2014 WL 1217960, at *1 (W.D. La. Feb. 28, 2014); *Marceaux v. Lafayette Consol. Gov't,* 921 F. Supp. 2d 605, 624 (W.D. La. 2013); *Cormier v. Lafayette City Parish Consol. Government*, No. 6:09-cv-0703, 2011 U.S. Dist. LEXIS 125283, 2011 WL 5156862, at *3 (W.D. La. Oct. 28, 2011), [*8] rev'd on other grounds, 493 Fed. App'x 578 (5th Cir. 2012); *Domingue v. Lafayette City Parish Consolidated Government*, No. 05-2151, 2008 U.S. Dist. LEXIS 21277, 2008 WL 728654, at *5 n. 13 (W.D. La. Mar. 17, 2008); *Batiste v. Bonin*, No. 06-1352, 2007 U.S. Dist. LEXIS 44355, 2007 WL 1791219, at *4 (W.D. La. June 13, 2007). Furthermore, this Court has found no law, Constitutional, statutory, or

otherwise, that confers upon Lafayette's police department the authority to sue or be sued, or that entitles it to function independently of the City nor has this Court been presented with evidence that the Home Rule Charter has been changed. *Id.*

Based on this reasoning, the Lafayette Police Department does not have the legal capacity to function independently, but functions as an agency, department, or division of the City. *Id.* Therefore, it lacks the capacity to be sued, and the plaintiff in this lawsuit has no right to recover from it. *Id.* Accordingly, plaintiff should dismiss his claims against the Lafayette Police Department.

### *Order*

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly:

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims or defendants plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

In Chambers, Lafayette, Louisiana July 21, 2017.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**