UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARK AUSTIN #1605377**          **CASE NO. 6:17-CV-00623 SEC P**

**VERSUS**                        **JUDGE JUNEAU**

**OFFICER OAKES ET AL**           **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Pro se plaintiff Mark Austin, proceeding *in forma pauperis*, filed the instant civil rights complaint, pursuant to 42 U.S.C. §1983, on May 8, 2017. At the time of filing suit, plaintiff was incarcerated at the Lafayette Parish Correctional Center (LPCC), in Lafayette, Louisiana. He complains that Defendant Officer Oakes committed perjury and filed false documents which led to his unlawful arrest and that Officers Channing Credeur and Jon Eaton participated in the illegal search before any consent was given to search plaintiff's vehicle. [Rec. Doc. 10, p. 1]

On October 16, 2017, the undersigned completed a review and ordered that Plaintiff's claims for money damages for false arrest and imprisonment be stayed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Wallace v. Kato*, 549 U.S. 384 (2007). [Rec. Doc. 12]

Plaintiff was ordered to file a motion to lift the stay with this Court within thirty (30) days of the date the criminal proceedings against him concluded, should he intend to proceed with his claims.

On December 13, 2018, a minute entry was issued by the Clerk of Court reassigning this mater to Judge Michael J. Juneau. [Rec. Doc. 13] A copy of same was mailed to the Plaintiff at his last known address at LPCC, yet it was returned marked "Attempted- Not Known- Unable to Forward," on December 28, 2018. [Rec. Doc. 14]

On February 7, 2019, plaintiff was ordered to provide a report on the status of the criminal charges pending in state court, provide the relevant Court Minutes or other documents demonstrating whether or not he stands convicted of the charges in question or other related charges, and to inform the Court whether he intends to proceed in the matter before this Court. [Rec. Doc. 15]

On March 8, 2019, the Court's Order was returned marked "Attempted- Not Known- Unable to Forward," with the notation that plaintiff is "not here." [Rec. Doc. 16]

**LAW AND ANALYSIS**

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without

motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff failed to comply with this Court's Order regarding the status of his state court criminal proceeding.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's December 13, 2018 correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 14th day of March, 2019.

*[signature]*

Patrick J. Hanna
**United States Magistrate Judge**